IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GASPAR PEREZ**, *Individually and on behalf of all other similarly situated current and former employees*, <br><br>Plaintiff<br><br>v.<br><br>**JAI MATA, INC.** *d/b/a* **SITAR INDIAN RESTAURANT**,<br><br>Defendant | No.<br><br>**FLSA Opt-in Collective Action**<br><br>JURY DEMANDED |

# COLLECTIVE ACTION COMPLAINT

Plaintiff, Gaspar Perez ("Plaintiff"), on behalf of himself, individually, and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

## INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Jai Mata, Inc. d/b/a Sitar Indian Restaurant ("Defendant") on behalf of all current and former hourly-paid employees who were employed and performed work for Defendant during the past three (3) years. Plaintiff and the putative class are kitchen staff who seek damages for unpaid overtime, as they were paid no overtime.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

1

3. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendant employed Plaintiff to perform work in this District, and Defendant has conducted, and continues to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

**PARTIES**

4. Defendant Jai Mata, Inc. is a Tennessee Corporation with its principal offices located at 116 21st Ave. N., Nashville, Tennessee 37203.

5. Defendant Jai Mata, Inc. has been an "employer" of Plaintiff and those "similarly situated" as such terms are used in and/or defined by the FLSA, at times material to this action.

6. Plaintiff Gaspar Perez has been a resident of this District and performed work as a non-exempt employee, within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Gaspar Perez's Consent to Join this collective action is attached hereto as *Exhibit A*.

**FACTUAL BASIS FOR SUIT**

7. Defendant owns and operates Sitar Indian Restaurant in Nashville's Midtown area at 116 21st Ave. N., Nashville, Tennessee 37203.

8. Plaintiff Gaspar Perez has worked at Sitar Indian Restaurant during the three (3) year period preceding the filing of this action.

9. "The Putative Class" refers to of all non-exempt employees of Defendant during the relevant time period, who were paid a fixed amount, rather than by an hourly rate with overtime, and is more fully defined in paragraph twenty-six (26) below.

10. Defendant has been Plaintiff and Class Members' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

11. At times material to this action, Plaintiff and Class Members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States, within the three (3) years preceding the filing of this collective action.

12. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and Class Members have engaged in interstate commerce as Defendant's employees during the applicable statutory period.

13. Plaintiff worked in the kitchen as a cook, and his primary duties consisted of preparing food, including using a large tandoori oven, keeping his area in a clean condition, and otherwise ensuring that items were adequately prepared for ordering customers and for the restaurant's buffet.

14. Plaintiff Perez was paid a flat, monthly rate for all hours he worked for Defendant. From 2016, until Plaintiff's employment with Defendant ended, this was $3,500.00 per month.

15. Plaintiff was paid $2,500.00 by check and another $1,000.00 by cash each month.

16. Plaintiff worked in excess of forty (40) hours per week, as did other Class Members.

17. Plaintiff typically worked a repeated schedule of approximately seventy-four (74) hours per week for three (3) weeks, followed by approximately sixty-two (62) hours the fourth week.

18. Plaintiff and other cooks were directly supervised by the owner's two (2) sons and had no managerial responsibilities.

19. Upon information and belief, Sitar Indian Restaurant was fully managed by the owner and owner's family members.

20. Defendant knew and was aware at all relevant times that Defendant was not compensating Plaintiff and Class Members for all compensable time. Defendant can cite no good faith basis for this failure.

21. Defendants compensation policies and practices violated 29 U.S.C. § 207(a)(1).

22. As a result of Defendant's bad faith and willful failure to pay Plaintiff and Class Members in compliance with the FLSA, Plaintiff and Class Members have suffered lost wages in the form of overtime compensation.

23. The net effect of Defendants common plan, policy, and practice of failing to pay its non-exempt employees by the hour, by the piece, or by some other acceptable method unjustly enriched the Defendant, who enjoyed ill-gained profits at the expense of Plaintiffs and Class Members, and also enjoyed lower payroll taxes thereby.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

25. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

26. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former non-management food-service employees, such as cooks, dishwashers, and waitstaff of Jai Mata, Inc. and Sitar Indian Restaurant who were not paid on an hourly basis.

27. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendant on behalf of himself, individually, and on behalf of all other similarly situated employees.

28. Plaintiff and Class Members are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a common pay scheme whereby Defendant's non-exempt employees were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

29. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants payroll policies, which universally denied Plaintiff and Class Members all overtime compensation.

30. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Class Members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and / or substantially impair the ability of class members to protect their interests.

31. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members.

32. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

33. Plaintiff estimates that the Putative Class consists of three (3) to twelve (12) individuals. The precise number of Putative Class can be easily ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendant's place of business.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those who choose to opt into this matter request the Court enter judgment in favor of this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

c) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

Dated: February 4, 2020.				Respectfully Submitted,

						*s/J. Russ Bryant*
						J. Russ Bryant (TN BPR #33830)
						Robert E. Turner, IV (TN BPR #35364)
						Nathaniel A. Bishop (TN BPR #35944)
						**JACKSON, SHIELDS, YEISER & HOLT**
						Attorneys at Law
						262 German Oak Drive
						Memphis, Tennessee 38018
						Telephone: (901) 754-8001
						Facsimile: (901) 754-8524
						*gjackson@jsyc.com*
						*rbryant@jsyc.com*
						*rturner@jsyc.com*
						*nbishop@jsyc.com*

						and

						Nina H. Parsley (TN BPR # 23818)
						**MICHAEL D. PONCE & ASSOCIATES**
						Attorneys at Law
						400 Professional Park Drive
						Goodlettsville, Tennessee 37072
						Telephone: (615) 851-1776
						Facsimile: (615) 859-7033
						nina@poncelaw.com

						**ATTORNEYS FOR PLAINTIFF AND
						ON BEHALF OF OTHERS SIMILARLY
						SITUATED**